DAYLE ELIESON
United States Attorney
District of Nevada
KILBY MACFADDEN
Assistant United States Attorney
501 Las Vegas Boulevard So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
kilby.macfadden@usdoj.gov

*Representing the United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00169-JCM-NJK |
| Plaintiff, | |
| vs. | **PROPOSED COMPLEX CASE ORDER (STIPULATION)** |
| ROBERT HARVEY, ALEJANDRO INCERA, and LESLIE KALYN, | |
| Defendants. | |

Pursuant to Local Rule 16-1(a), the United States, by and through the undersigned, and Defendants, by and through undersigned counsel, submit this Proposed Complex Case Schedule as follows:

1. <u>Complex Case</u>. The parties stipulate that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial

1

preparation within the time limits prescribed by the Speedy Trial Act.

 a. The discovery in the matter is more than 10,000 pages of records. The records may need to be reviewed by defense experts and this can take a significant amount of time due to the complex nature of the subject matter.

 b. The fraud and scheme alleged in the Indictment is complex because it involves patient's Medicaid and Medicare data, as well as private insurance records and financial data that will take significant time for the defense, including the defense experts, to review and adequately prepare for pretrial motions and trial.

 2. <u>Trial Date</u>. The parties stipulate that they seek to vacate the current trial setting for this matter on July 30, 2018, and set the matter for a trial setting on or about September 9, 2019, with a calendar call on September 4, 2019. The United States anticipates, at this time, it will need no more than three weeks to present its case-in-chief[1].

 3. <u>Excluded Time</u>. The parties stipulate that all time from the entry of Defendant's plea in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice

---

[1] The parties have conferred with the Honorable James C. Mahan's Chambers. Judge Mahan has a trial stack available for the dates and has agreed to these proposed dates. Upon entry of this order, if this Court requests, the parties will submit a separate Stipulation to Continue Trial Dates to Judge Mahan reflecting these agreed upon dates, for his approval.

outweigh the interests of the public and defendant in a speedy trial.

4.    <u>Pretrial Motions</u>.  The parties stipulate that:

A.    They shall have to and including June 26, 2019, within which to file any and all pretrial motions;

B.    They shall have twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

C.    They shall have seven (7) days after the filing of a responsive pleading within which to file and all replies to dispositive motions.

5.    <u>The Parties' Discovery Obligations</u>

A.    The United States shall begin providing its Rule 16 disclosures to the defendant within forty-five (45) days of arraignment, and consistent with its ongoing discovery obligations, turn over additional materials as they become available.

B.    Fifty (50) days before trial, the parties will exchange any and all reciprocal discovery and expert notifications requested by Fed. R. Crim. P. 16.  By being bound to this schedule, all parties will have been deemed to have requested the other parties' discovery that is subject to disclosure under this rule, thus triggering all parties' disclosure obligations under Fed. R. Crim. P 16(a)(1), (b)(1), and (c).

C.    The United States is not required to disclose *Jencks* material until after the government witness testifies on direct examination.  18 U.S.C. § 3500(b).  Nonetheless, in the interest of efficiency, the United States

will consent to disclose *Jencks* materials no later than forty-five (45) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States does not consent to any remedy for any violation of the forty-five (45) day disclosure deadline that would preclude it from calling a witness at trial (that is, it reserves the right to argue to the Court that exclusion of the witness is not a proper remedy). Conversely, the defense reserves the right to agrue that witness exclusion is the appropriate remedy.

WHEREFORE, the parties respectfully request that the Court enter a Scheduling Order addressing these issues and such other issues, as the Court deems appropriate.

DATED this 15th day of June, 2018.

Respectfully Submitted,

For the United States:

DAYLE ELIESON
United States Attorney

*/s/Kilby Macfadden*
KILBY C. MACFADDEN
Assistant United States Attorney

For Defendant Robert Harvey
/s/ *Maggie Lambrose*
MAGGIE LAMBROSE
Assistant Federal Public Defender

For Defendant Alejandro Incera
/s/ *Robert Draskovich*
ROBERT DRASKOVICH

For Defendant Leslie Kalyn
/s/ *Karen A. Connolly*
KAREN A. CONNOLLY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

ROBERT D. HARVEY,
ALEJANDRO INCERA, and
LESLIE KALYN,

               Defendants.

Case No.: 2:18-cr-0169-JCM-NJK

COMPLEX CASE ORDER

This matter coming before the Court on the parties' Proposed Complex Case Schedule, the premises therein considered, and good cause showing, the Court HEREBY ORDERS as follows:

1.      That this case is designated as a complex case pursuant to LCR 16-1(a). All time from the date of arraignment and plea until such time as this Court shall rule otherwise is hereby excluded for purposes of speedy trial calculations, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i)-(ii).

2.      This Court concludes that the ends of justice served by the proposed exclusion of time outweigh the best interest of the public and the defendants in a speedy trial. This case is complex, due to the breadth of the discovery and subject matter, that it is unreasonable to expect adequate

preparation for pretrial proceedings and the trial itself within the otherwise applicable time limits. The Court further concludes that denial of this exclusion and the additional time it would bring to prepare would likely result in a miscarriage of justice.

a. The discovery in the matter is more than 10,000 pages of records. The records need to be reviewed by defense experts and this can take a significant amount of time due to the complex nature of the subject matter.

b. The fraud and scheme allgeded in the Indictment is complex because it involves patient's Medicaid and Medicare data, as well as private insurance records and financial data that will take significant time for the defense, including the defense experts, to review and adequately prepare for pretrial motions and trial.

4. <u>Excluded Time</u>. The parties stipulate that all time from the entry of Defendant's plea in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendant in a speedy trial.

5. <u>Pretrial Motions</u>. The parties shall have:

A. To and including June 29, 2019, within which to file any and all pretrial motions and notices of defense;

B.    To and including twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

C.    To and including seven (7) days after the filing of a responsive pleading within which to file and all replies to pretrial motions.

6.    The Parties' Discovery Obligations

A.    The United States shall begin providing its Rule 16 disclosures to the defendant within forty-five (45) days of arraignment, and consistent with its ongoing discovery obligations, turn over additional materials as they become available.

B.    The defendants' Rule 16 disclosures, including, specifically, disclosures related to expert witness testimony, should be made immediately, or, in all events, no later than on or before fifty (50) days before the date set for trial by this Court, in order to allow for sufficient trial preparation.

C.    The United States is not required to disclose *Jencks* material until after the government witness testifies on direct examination. 18 U.S.C. § 3500(b). Nonetheless, in the interest of efficiency, the United States will disclose Jencks material no later than forty-five days before trial, except with the permission of the Court, for good cause shown.

IT IS SO ORDERED.

DATED: June 19, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

3